A02A1555. THURMAN v. THE STATE.

(570 SE2d 38)

BLACKBURN, Chief Judge.

Torandall Antwan Thurman appeals his conviction by a jury of aggravated assault, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. He contends that the trial court erred in (1) refusing to sever the charge of possession of a firearm by a convicted felon from the other charges and (2) failing to give the jury instructions limiting the purpose for which his prior conviction could be considered, and he also argues that (3) admission of his prior conviction improperly influenced the jury into convicting him of aggravated assault and hijacking a motor vehicle. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, on the evening of March 4, 2001, Wendy Clark drove her car to an Amoco station in Griffin to fill her gas tank. Her four-year-old son, Anthony, was strapped in on the passenger side. As Clark finished filling the tank, she saw Thurman come around the corner of the station. Thurman first went past her car but then turned around, opened the car door on the passenger side, and jumped into the car, sitting on Anthony. As Clark ran around to the passenger side, Thurman slid into the driver's seat. Clark pulled her son from the car, but when she tried to grab the car keys from the ignition, Thurman pointed a .38 caliber pistol at her. Clark retreated, and Thurman sped away in her car. Thurman crashed Clark's car into a tree and a private residence two blocks from the Amoco station. When the police arrived, they found the pistol and Thurman, injured and trapped, in the car. At trial, Thurman admitted that he had the gun and that he had taken the car, but said that he had done so to avoid being killed by unidentified assailants who were pursuing and shooting at him.

1. Relying on *Head v. State*,[1] Thurman contends that the trial court erred in refusing to sever the charge of possession of a firearm by a convicted felon from the remaining charges. He argues that, in failing to sever the charges, the trial court allowed the State to introduce his prior conviction for theft by taking a motor vehicle and that the introduction of this prior conviction impermissibly placed his character into evidence.

In *Graham v. State*,[2]

the Georgia Supreme Court ruled that where a defendant is charged both with possession of a firearm by a convicted felon and with a more serious offense which is unrelated in the sense that proof of the former is not required to prove the latter, the trial must be bifurcated to prevent evidence of the defendant's prior felony conviction from influencing the jury unnecessarily.

Id. On the other hand, as the *Head* court explained,

[i]n cases where the count charging possession of a firearm by a convicted felon might be material to a more serious charge — as, for example, where the offense of murder and possession are charged in one indictment, and the possession charge might conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment — the trial need not be bifurcated.

*Head*, supra at 432 (3) (d). Here, because proof of the charge of possession of a firearm by a convicted felon neither supported nor was in any way material or necessary to proof of the charges of aggravated assault, motor vehicle hijacking, or possession of a firearm during the commission of a crime, we must agree with Thurman that the trial court erred in not bifurcating the trial. "However, . . . the error was harmless in the context of the overwhelming evidence establishing [Thurman's] guilt of" the aggravated assault, hijacking, and possession of a firearm during the commission of a crime. *Graham*, supra at 619 (2). See also *Stone v. State*[3] ("[i]n this case, however, the evidence of guilt is so overwhelming that it is unlikely that the introduction of the prior conviction contributed to the guilty verdict").

2. In his next enumeration of error, Thurman argues that the trial court erred in failing to give limiting instructions to the jury

---

[1] *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984).
[2] *Graham v. State*, 185 Ga. App. 617, 618-619 (2) (365 SE2d 482) (1988).
[3] *Stone v. State*, 253 Ga. 433, 435 (3) (321 SE2d 723) (1984).

regarding the admission of his prior conviction for felony theft of a motor vehicle. This argument must fail since Thurman "neither objected nor made a request for limiting instructions at the time the convictions were placed in evidence." *Bowden v. State.*[4] See also *Pyburn v. State.*[5]

3. In his final enumeration of error, Thurman maintains that admission of his prior conviction for theft by taking a motor vehicle impermissibly influenced the jury into convicting him of aggravated assault and hijacking a motor vehicle. There is no merit to this argument, which is nothing more than a restatement of the argument advanced in Thurman's first enumeration of error. As we stated in Division 1, the evidence of Thurman's guilt was overwhelming. In light of this overwhelming evidence, proof of the prior conviction did not place Thurman's character in issue to such an extent as to affect the verdict on the charges of aggravated assault, motor vehicle hijacking, and possession of a firearm during the commission of a crime. *Baker v. State.*[6]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 30, 2002.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree,* for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Robert H. English, Assistant District Attorneys,* for appellee.

---

[4] *Bowden v. State,* 270 Ga. 19, 20 (2) (504 SE2d 699) (1998).
[5] *Pyburn v. State,* 175 Ga. App. 158, 159 (2) (332 SE2d 899) (1985).
[6] *Baker v. State,* 214 Ga. App. 640 (1) (448 SE2d 745) (1994).