A04A2360. ROBINSON v. THE STATE.
(608 SE2d 544)

MILLER, Judge.

Larry Robinson appeals from convictions arising from a burglary, arguing that the trial court erred when it failed to give an instruction on self-defense and when it mentioned a previous burglary conviction in the course of instructing the jury on three possession of firearms charges. Having found no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that the victim, a mail carrier, received a tip while he was working his route that he should check on his house. At the time, the victim was concerned that his son may have been ill. On returning home, he noticed that the front door was open, went in through the

back, and saw Robinson standing in the living room. Guns usually stored under the victim's bed were on the couch, and many other things were also out of place. The victim told Robinson to "freeze," at which Robinson lunged at him, knocking the victim to the ground. Robinson then tripped over a recliner, picked himself up, and fled.

The victim pursued Robinson in the mail truck for two blocks, yelling to neighbors to call 911. When Robinson turned into a yard, the victim abandoned the mail truck, continued the chase on foot, and confronted him as he came around a house. Robinson kicked and bit the victim, drawing blood. Robinson then jumped into the abandoned mail truck, which still had the keys in it, started it up, and began to drive away. The victim ran after the truck, threw himself into it, put it into park, and snatched the keys out of the ignition. Robinson then tried to leave the truck, but the victim restrained him with an oak branch until police arrived. Shortly after Robinson was arrested, the victim suffered a heart attack. The jury found Robinson guilty of burglary, theft of a motor vehicle, and battery. His motion for new trial was denied.

1. Robinson argues that the trial court erred in not charging the jury on self-defense. We disagree. When a defendant raises the affirmative defense of justification, he must present evidence that he was justified in using force. See *Porter v. State*, 272 Ga. 533, 534 (3) (531 SE2d 97) (2000); OCGA § 16-3-21 (a). Robinson was on the premises unlawfully, and initiated violence when he lunged at the victim in response to his request to "freeze." The victim's efforts to defend his house and mail truck were entirely legal. See OCGA §§ 16-3-23 (authorizing use of deadly force in defense of habitation against unlawful and forcible entry); 16-3-24 (authorizing use of force to defend personal property lawfully in victim's possession). Thus there was no evidence to support a charge on justification. See *Code v. State*, 255 Ga. App. 432, 434-435 (4) (565 SE2d 477) (2002) (no evidence to support charge where defendant could not have reasonably believed that use of unlawful force was imminent).

2. Robinson also argues that the trial court erred in mentioning a prior conviction for burglary in the course of charging the jury on possession of a firearm by a convicted felon when the parties had stipulated that the basis of the prior conviction would not be mentioned, and when that conviction and the original indictment were not given to the jury. Even assuming that the court erred in mentioning the prior burglary conviction, there is no evidence that Robinson was harmed, since the jury acquitted him of the firearms charges, and since the evidence of his guilt as to the burglary charge was overwhelming. See *Thurman v. State*, 256 Ga. App. 845, 847 (3) (570 SE2d 38) (2002).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 10, 2004.

*Valerie T. Bryant*, for appellant.

*J. David Miller, District Attorney, Cynthia D. Hendrix, Robert T. Gilchrist, Assistant District Attorneys*, for appellee.