In the Supreme Court of Georgia

Decided: April 26, 2016

S16A0122. THE STATE v. BROWN et al.

HUNSTEIN, Justice.

In this pre-trial appeal pursuant to OCGA § 5-7-1 (a) (5), the State seeks reversal of the trial court's order determining that a federal indictment involving parties unrelated to Appellees will be inadmissible at Appellees' trial. We find no abuse of discretion, and we therefore affirm.

In August 2014, a DeKalb County grand jury returned a 21-count indictment against Appellees Malcolm Brown, Demetre Edward Mason, Frankland Henderson, Michael Hasker Jenkins, Jaimee E. Harrell, Katrina A. Shardow, and Traon Joshua Turk, on charges of murder, armed robbery, robbery by force, car-jacking, and numerous violations of the Street Gang Terrorism and Prevention Act, OCGA §§ 16-15-1 et seq., and Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act, OCGA §§ 16-14-1 et seq. This indictment alleges that Appellees are members of a particular "set" of the United Blood Nation criminal street gang known as the "Nine Trey Gangsters" or

"NTG Bloods," who, during April and May 2014, committed a series of crimes and engaged in racketeering activities. During pre-trial proceedings, the State filed a motion seeking a ruling on the admissibility of a 13-count federal indictment charging unrelated defendants with crimes and racketeering activities in association with an NTG Bloods set operating in Virginia. The State contends that information in the federal indictment is "required" to prove certain essential elements of the alleged violations of Georgia's street gang act, specifically, the existence of a "criminal street gang" and the commission of "criminal gang activity," as those terms are defined in the statute. See OCGA § 16-15-3.[1] In the alternative, the State contends that the indictment is admissible under OCGA § 24-4-404 (b) to prove motive. The trial court denied the State's motion.

[1]In particular, the State argues that various offenses charged in the federal indictment – on which the defendants there were ultimately convicted – constitute "criminal gang activity" under the Georgia statute and that evidence of such activity by other members of the NTG Bloods constitutes proof of the existence of a "criminal street gang," which is required to show a violation of the statute. See OCGA § 16-15-4. In addition, while acknowledging that Appellees "are not directly connected" with the Virginia defendants, the State maintains that the federal indictment provides proof of "the vernacular, characteristics, structure, and behaviors" of the NTG Bloods and thereby would help establish that Appellees, who allegedly have adopted these same customs and behaviors, are associated with this gang.

We agree with the trial court that the federal indictment is inadmissible. An indictment is simply a "formal written accusation of a crime," Black's Law Dictionary, 891 (10th ed. 2014), and the assertions therein are nothing more than hearsay statements by the prosecutor bringing the charges. See OCGA § 24-8-801 (c) (defining "hearsay"). As mere hearsay, a bare indictment is simply not admissible evidence. OCGA §§ 24-4-402, 24-8-802.[2] See also Thomason v. State, 281 Ga. 429, 431 (8) (637 SE2d 639) (2006) (noting that "the indictment does not constitute any evidence of [the defendant's] guilt"); Hicks v. State, 315 Ga. App. 779, 785 (4) (728 SE2d 294) (2012) (noting that "the allegations of the indictment did not constitute evidence").

The fact that this case involves alleged violations of the Georgia street gang act does not alter this result. It is true, as the State argues, that the statute expressly provides that evidence of crimes committed "by any member or

---

[2]The State does not argue, nor could it, that a bare indictment falls within any of the hearsay exceptions enumerated in OCGA § 24-8-803. Even if the State were seeking here to offer the actual judgment of conviction entered on the charges in the federal indictment, such judgment would not qualify under any hearsay exception because it is a judgment against persons other than those accused in this case. See id. at (22) (hearsay exception for judgments of conviction does not apply to judgments, offered by the State in a criminal prosecution, "against persons other than the accused").

associate of a criminal street gang shall be admissible . . . for the purpose of proving the existence of the criminal street gang and criminal gang activity." OCGA § 16-15-9. This provision, however, does no more than clarify the nature of the evidence that will be deemed relevant in establishing specific elements of the crimes proscribed by the statute and, contrary to the State's apparent assumption, does not purport to supersede or dispense with the generally applicable rules of evidence, including the prohibition on hearsay. In short, the fact that this case involves the prosecution of alleged gang-related crimes does not obviate the State's responsibility to prove its case in accordance with the rules of evidence applicable in all other prosecutions.

Accordingly, the trial court properly denied the State's motion, and we affirm.

Judgment affirmed. All the Justices concur.