**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 21, 2018**

# In the Court of Appeals of Georgia

A17A1483. LANG v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Michael Lang was convicted of possession of a firearm by a convicted felon and participation in criminal gang activity. Lang appeals, challenging the denial of a motion to sever or bifurcate the charges and the admission of certain gang-related evidence. Because Lang has failed to show that the trial court abused its discretion in denying the motion or in admitting the evidence, we affirm.

Viewed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that Lang, who had the word "Crip" and the number "83" tattooed on his face, was a member of the 83 Crips, a local set of the national Crips criminal street gang. In 2009, Lang was convicted of the felony offense of forgery in the first degree. Five years later, on

September 22, 2014, a police investigator entered a house where he discovered that Lang had hidden a loaded handgun in the bedroom closet of another gang member. According to expert testimony, members of the 83 Crips are required by the gang to possess firearms.

Lang was charged in a two-count indictment with possession of a firearm by a convicted felon and with violating OCGA § 16-15-4 of the Georgia Street Gang Terrorism and Prevention Act (OCGA § 16-5-1 et seq.), which prohibits participating in criminal gang activity. The criminal gang activity count was based on Lang's commission of the firearm offense charged in the first count while being associated with the 83 Crips gang. Lang filed a motion to sever the counts or for a bifurcated trial of the counts. The trial court denied the motion to sever or bifurcate because "the [gang] charge depends on the firearm as a predicate felony." The case was tried before a jury, which found Lang guilty of both counts. The trial court denied Lang's motion for a new trial, and this appeal followed.

1. *Motion to sever or bifurcate.*

Lang contends that the trial court erred in denying his motion to sever or bifurcate the charges. The contention is without merit.

2

[T]he Georgia Supreme Court [has] ruled that where a defendant is charged both with possession of a firearm by a convicted felon and with a more serious offense which is unrelated in the sense that proof of the former is not required to prove the latter, the trial must be bifurcated to prevent evidence of the defendant's prior felony conviction from influencing the jury unnecessarily. On the other hand, as the [Supreme Court has further] explained, in cases where the count charging possession of a firearm by a convicted felon might be material to a more serious charge – as, for example, where the offense of murder and possession are charged in one indictment, and the possession charge might conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment – the trial need not be bifurcated.

*Thurman v. State*, 256 Ga. App. 845, 846 (1) (570 SE2d 38) (2002) (citations and punctuation omitted). Accord *Wilson v. State*, 302 Ga. 106, 110 (IV) (805 SE2d 98) (2017) (trial court properly denied motion to bifurcate where count charging possession of a firearm by a convicted felon was the predicate offense for the other charge).

In the instant case, the possession of a firearm by a convicted felon charge was material to the criminal gang activity count as it was the underlying felony for that count. See OCGA §§ 16-15-3 & 16-15-4 (a). "Under such circumstances, a bifurcated trial is not required. It follows that the trial court did not abuse its discretion in refusing to grant the requested relief." *Al-Amin v. State*, 278 Ga. 74, 80 (8) (597 SE2d 332) (2004) (citations and punctuation omitted). See also *Atkinson v. State*, 301 Ga.

3

518, 526 (6) (e) (801 SE2d 833) (2017); *Brown v. State*, 295 Ga. 804, 807-808 (3) (764 SE2d 376) (2014).

2. *Admission of gang-related evidence.*

Lang claims that the trial court erroneously admitted certain gang-related evidence because it was either irrelevant or its prejudice outweighed its probative value. We find no reversible error.

> Generally, all relevant evidence shall be admissible, OCGA § 24-4-402. Under OCGA § 24-4-403, however, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The application of OCGA § 24-4-403 is a matter committed principally to the discretion of the trial courts, and as we have explained before, the exclusion of relevant evidence under OCGA § 24-4-403 is an extraordinary remedy that should be used only sparingly.

*Smith v. State*, ___ Ga. ___ (3) (Case No. S17A1757, decided December 11, 2017) (citations and punctuation omitted). Accord *Kim v. State*, 337 Ga. App. 155, 157 (786 SE2d 532) (2016) (the trial court's admission of evidence will not be disturbed absent an abuse of discretion).

a. *Evidence of drive-by shooting.*

4

Lang challenges the admission of evidence that in August 2013, approximately a year before the crimes at issue here, Lang and two other Crips gang members were at a house that was the target of a drive-by shooting. But in order to prove the gang activity count, "the [s]tate had to prove that [Lang] was associated with a criminal street gang, which is defined in OCGA § 16-15-3 (2) as any organization, association, or group of three or more persons associated in fact that engages in criminal gang activity[.]" *Lupoe v. State*, 300 Ga. 233, 245 (8) (794 SE2d 67) (2016) (punctuation omitted). Thus, evidence tending to show such gang association was relevant to the case.

> Any evidence is relevant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. Georgia law favors the admission of any relevant evidence, no matter how slight its probative value, and even evidence of questionable or doubtful relevancy or competency should be admitted and its weight left to the jurors.

*In the Interest of L. P.*, 324 Ga. App. 78, 81 (2) (749 SE2d 389) (2013) (citation and punctuation omitted). Here, the evidence that Lang was with two other gang members at the scene of a shooting was relevant to the material issue of his association with a criminal street gang. Accordingly, the trial court did not abuse its discretion in admitting the evidence. See *Sifuentes v. State*, 293 Ga. 441, 445 (3) (746 SE2d 127)

5

(2013) (no abuse of discretion in admitting evidence showing defendant's gang affiliation two years before the crimes at issue).

b. *Evidence regarding "book of knowledge."*

Lang argues that the trial court erred in admitting evidence that a police investigator had seized a "book of knowledge" from the house of another 83 Crips member. The investigator, qualified as a gang expert, testified that the book is "almost like an employee handout or employee policy manual" for gang members. Based on that book and other information, the expert explained that members of the 83 Crips gang are required to possess firearms, that such firearms contribute to the gang's cache of weapons which can be used for retaliation against another gang or for security during illegal activities such as drug transactions, and that members can be punished for failing to comply with the rule that they possess weapons. Contrary to Lang's argument, such evidence was relevant to a material issue in the case because "a conviction under OCGA § 16-15-4 (a) requires that there be some nexus between the enumerated act and an intent to further street gang activity." *In the Interest of L. P.*, supra at 83 (3) (citation and punctuation omitted). Thus, evidence tending to show that the enumerated act of Lang possessing a weapon was in

6

furtherance of gang activity was properly admitted and its weight left to the jury. Id at 81 (2).

c. *Evidence of other gang member's prior conviction.*

Lang asserts that the trial court erred in admitting evidence that one of the gang members whom Lang was with during the drive-by shooting discussed above had a prior conviction for gang activity. The state concedes that the admission of evidence of a conviction of someone other than the accused was improper under the law in effect at the time of Lang's trial. See *State v. Brown*, 298 Ga. 878, 879, n. 2 (785 SE2d 510) (2016); OCGA § 24-8-803 (22).[1] However, the state contends, the error was harmless.

Assuming, without deciding, that the admission of the evidence was erroneous, we agree that any error was harmless. "[I]t is fundamental that harm as well as error must be shown for reversal." *O'Neal v. State*, 288 Ga. 219, 223 (2) (702 SE2d 288)

---

[1] The state notes that the current version of OCGA § 16-15-9 was not applicable during Lang's trial. OCGA § 16-15-9 now provides: "For the purpose of proving the existence of a criminal street gang and criminal gang activity, the commission, adjudication, or conviction of any offense enumerated in paragraph (1) of Code Section 16-15-3 by any member or associate of a criminal street gang shall be admissible in any trial or proceeding. *Evidence offered under this Code section shall not be subject to the restrictions in paragraph (22) of Code Section 24-8-803.*" (Emphasis supplied).

(2010) (punctuation omitted). See also *Williams v. State*, 328 Ga. App. 876, 877-881 (1) (763 SE2d 261) (2014) (erroneous admission of evidence is subject to harmless error analysis). "The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict." *Rivera v. State*, 295 Ga. 380, 382 (2) (761 SE2d 30) (2014) (citation omitted).

> Here, it is highly probable that the [alleged] error did not contribute to the verdict. Indeed, the trial court specifically instructed the jury [prior to introduction of the evidence that it was offered only to show the existence of a criminal street gang and Lang's association with it]. All things considered, including the [overwhelming] strength of the [s]tate's evidence [of Lang's gang affiliation] in this case, we conclude that it is highly probable that the [alleged] error . . . did not contribute to the verdict[]."

*O'Neal*, supra (citations and punctuation omitted).

d. *Lang's prior possession of a weapon.*

Contrary to Lang's argument, the trial court did not err in admitting evidence that several months prior to the incident in this case, Lang was in possession of one or two guns when he went to a friend's house seeking help for a gunshot wound to his finger. At the time of trial, the former version of OCGA § 16-5-9 provided that "[t]he commission of any offense enumerated in paragraph (1) of Code Section 16-5-3 by any member or associate of a criminal street gang shall be admissible in any trial

8

or proceeding for the purpose of proving the existence of the criminal street gang and criminal gang activity." The enumerated offenses in paragraph (1) of Code Section 16-5-3 included "[a]ny criminal offense in the State of Georgia, any other state, or the United States that involves . . . possession of a weapon[.]" OCGA § 16-5-3 (1) (J). As Lang was a convicted felon at the time of the prior incident, evidence of the incident was relevant to show that while a member of a gang he committed a criminal offense involving possession of a weapon. The trial court therefore did not abuse its discretion in admitting the evidence.

*Judgment affirmed. Branch and Bethel, JJ., concur.*