## S13A1132. MILLER v. THE STATE.
(748 SE2d 893)

HINES, Presiding Justice.

Antwain Miller appeals his convictions and sentences for malice murder, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon in connection with the fatal shooting of Ricky Coverson. Miller's sole challenge is that he suffered the ineffective assistance of trial counsel. Finding the challenge to be without merit, we affirm.[1]

The trial evidence construed in favor of the verdicts showed the following. On the evening of July 26, 2008, Coverson's friend, Strozier, was on her way to Arnold's house to smoke crack cocaine; she was accompanied by Miller, whom she knew as "Bookie," and another friend, Brown. On the way, Strozier saw Coverson riding his bicycle down the street. Strozier arrived at Arnold's home between midnight and 3:00 a.m.; Miller, Arnold, and McCoy, known as "Squirt" were there. Coverson arrived shortly thereafter. Miller went downstairs with Strozier and Squirt while Brown and Coverson initially remained upstairs with Arnold. Then Coverson walked downstairs several times.

Miller and Coverson began to argue about drugs. Arnold walked downstairs and saw that Miller had Coverson in a headlock; Miller then made Coverson lie on the ground. Miller was holding a pistol to Coverson's head, and Coverson begged for his life, pleading with Miller to go into his pocket and take his money. Miller then shot Coverson, wounding him in the arm and the leg; a bullet hit Coverson's right femoral artery, transecting it and causing a fatal hemorrhage.

Coverson's arm wound was consistent with his being on the ground with his "arms up" when he was shot and his leg injuries were

---

[1] The crimes occurred on July 26, 2008. On November 5, 2008, a Fulton County grand jury returned a six-count indictment against Miller charging him with Count 1 – malice murder; Count 2 – felony murder while in the commission of aggravated assault; Count 3 – felony murder while in the commission of possession of a firearm by a convicted felon; Count 4 – aggravated assault with a deadly weapon; Count 5 – possession of a firearm during the commission of a felony; and Count 6 – possession of a firearm by a convicted felon. Miller was tried before a jury April 26-28, 2010, and was found guilty on all counts. On April 29, 2010, he was sentenced to life in prison on Count 1; five years in prison on Count 5, to be served consecutively to the sentence on Count 1; and five years in prison on Count 6, to be served consecutively to the sentences on Counts 1 and 5. The verdict on Count 4 was found to merge with the verdict on Count 1 for the purpose of sentencing, and the verdicts on Counts 2 and 3 stood vacated by operation of law. A motion for new trial was filed on April 29, 2010, and an amended motion for new trial was filed on September 11, 2012. The motion for new trial, as amended, was denied on October 9, 2012. A notice of appeal was filed on November 5, 2012, and the case was docketed in this Court in the April term 2013. The appeal was submitted for decision on the briefs.

consistent with being pressed up against a hard surface, like a floor, when the fatal wound was inflicted. At the time of death, Coverson was 50 years old, six-feet tall, and 164 pounds; Miller was about 35 years old, six-feet-four-inches tall, and 300 pounds.

Miller testified in his own defense that he was trying to leave the basement when Coverson pulled out a handgun, and Squirt brandished a rifle, in an attempt to rob him. Miller claimed that Coverson was shot during the ensuing struggle for control of Coverson's handgun.

1. The evidence was sufficient to enable a rational trier of fact to find Miller guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Miller contends that his trial counsel was ineffective because counsel failed to adequately investigate his claim of self-defense in that counsel did not have the firearms found at the scene tested to support Miller's assertion that Coverson and his friend Squirt both handled and discharged firearms against Miller, and that counsel did not investigate the interior of the home for bullet holes to support his contention that there was a struggle and that he was fired upon while he was on the basement stairs. Miller urges that these omissions deprived him of a fair trial, and that he is prejudiced because the interior of the home and the firearms involved, which were accessible at the time of trial, are no longer available for viewing or testing.

In order to prevail on his claim of the ineffective assistance of trial counsel, pursuant to *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), Miller has to demonstrate that his counsel's performance was deficient, and that but for the deficiency, there is a reasonable probability that the outcome of his trial would have been different; on appeal, this Court must accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but legal principles are independently applied to the facts. *Johnson v. State*, 290 Ga. 382, 383 (2) (721 SE2d 851) (2012). What is more, this Court's scrutiny of an attorney's performance must be highly deferential, and the Court must avoid the distorting effects of hindsight, attempt to reconstruct the circumstances of counsel's challenged conduct, and evaluate the conduct from counsel's perspective at the time of counsel's representation of the defendant. *State v. Worsley*, 293 Ga. 315 (745 SE2d 617) (2013). Indeed, "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Id. at 323 (3), quoting *Strickland v. Washington*, supra at 689-690 (III) (A).

As Miller asserts, at the motion-for-new-trial hearing, trial counsel acknowledged that there was no independent forensic testing of the murder weapon, or of a rifle or shotgun also found at the crime scene, that counsel did not personally inspect the interior of the home, and that upon reflection, these actions might have been useful. But, this acknowledgment of other possible defense options was from the perspective of hindsight. And, at that same hearing, there was ample evidence of the efforts trial counsel made to support the theory that Miller acted in self-defense.

Trial counsel, an experienced public defender, had approximately eighteen months to prepare for Miller's trial; counsel used the aid of an investigator as well as an attorney acting as second chair who assisted with trial notes; counsel received discovery from the State, and reviewed it with Miller; this included Miller's statement and a 911 call he made at the crime scene in which call he claimed to have been robbed; counsel met with Miller multiple times and consulted with him when he arrived for court dates; counsel also tried to interview the State's witnesses, but several of them refused, and another witness died before counsel could interview him; counsel interviewed all the experts, including the medical examiner and firearms expert; counsel had information about the trajectories of the bullets; counsel went to the crime scene, and photographed the outside of the house, but could not access the inside because the structure was boarded up and appeared to be abandoned; however, counsel was provided with the crime scene photographs of the bullet holes in the basement and shell casings; and counsel investigated Miller's contentions that Strozier had set up other robberies in the past, but was unable to find evidence to sustain this claim.

As the trial court found, there was nothing in the record to show that trial counsel did anything other than present the best case counsel thought possible at the time of trial; Miller did not establish that trial counsel's performance was deficient, nor did he establish prejudice in that given the strength of the State's case, even if the additional investigatory measures had been taken, he cannot show a reasonable probability that the outcome of his trial would have been different. Simply, Miller has failed to sustain his claim that trial counsel's assistance was ineffective. *Strickland v. Washington*, supra.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Charita H. Demps*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Paige Reese Whitaker, Sheila E. Gallow*, Assistant District Attorneys, *Samuel S. Olens,*

*Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ryan A. Kolb, Assistant Attorney General*, for appellee.