301 Ga. 518
FINAL COPY

S17A0611. ATKINSON v. THE STATE.

MELTON, Presiding Justice.

Following a jury trial, Jerrick Atkinson was found guilty of malice murder, aggravated assault, attempted armed robbery, possession of a firearm by a convicted felon, and various other offenses in connection with the shooting death of Wayne Edwards.[1] In his pro se appeal, Atkinson asserts 30 separate

---

[1] On November 12, 2009, Atkinson was indicted for malice murder, two counts of felony murder (predicated on aggravated assault and possession of a firearm by a convicted felon), aggravated assault, criminal attempt to commit armed robbery, possession of a firearm during the commission of a felony, one count of possession of a firearm by a convicted felon, and one count of commission of a crime by a convicted felon through the use of a firearm. Following a December 13-17, 2010 jury trial, Atkinson was found guilty on all counts. On December 21, 2010, the trial court sentenced Atkinson as a recidivist to life imprisonment without the possibility of parole for malice murder, ten consecutive years for attempted armed robbery, five consecutive years for possession of a firearm during the commission of a felony, and an additional fifteen consecutive years for commission of a crime by a convicted felon through the use of a firearm pursuant to OCGA § 16-11-133 – for a total sentence of life plus thirty years. The trial court purported to merge the possession of a firearm by a convicted felon count into one of the felony murder counts, and then merge that felony murder count and all other remaining counts into the malice murder count for sentencing purposes. On October 9, 2014, Atkinson filed a motion for out-of-time appeal, which was granted, and he filed

enumerations of error relating to the sufficiency of the evidence, his sentence, and other matters that transpired before and at trial and during his sentencing,[2] and he asserts 23 separate grounds of alleged ineffective assistance of his trial counsel.[3] For the reasons set forth below, we affirm Atkinson's convictions, but we must also vacate a portion of his sentence in order to rectify an issue relating to the merger of certain counts against him for sentencing purposes. Accordingly, we affirm in part and vacate in part.

1. Viewed in the light most favorable to the jury's verdict, the record shows that, at around midnight on Saturday, December 13, 2008, Atkinson

---

a motion for new trial on December 19, 2014. On April 27, 2015, Atkinson requested a hearing to be allowed to proceed pro se in his case, and, following a hearing on his request, the request was granted. Following an October 22, 2015 hearing on Atkinson's motion for new trial, the motion was denied on October 26, 2015. Atkinson filed a timely appeal to this Court, and, following the payment of costs, the appeal was docketed to the term beginning in December 2016.

[2] Many of these enumerations overlap with each other and will be grouped together accordingly.

[3] As with Atkinson's other enumerations, many of the grounds of alleged ineffective assistance asserted by Atkinson are repetitive. Some of the grounds also cover the same issues as those raised in Atkinson's thirty other enumerations. Accordingly, the issues of ineffective assistance will be grouped together as much as possible for the sake of efficiency.

stood just outside of the open driver's side door of Edwards' car and killed Edwards by shooting him three times in the face and four times in the chest at nearly point blank range with a Masterpiece Arms "Mac 10" submachine gun after attempting to steal Edwards' wallet. Six shell casings from the Mac 10 were found at the scene, along with a seventh shell casing that had jammed inside of the Mac 10 due to its failure to eject completely from the gun when it was fired. The shooting took place outside of an El Ranchero restaurant, and a man and a woman heard a "pop" and "three or four" firecracker sounds that they believed to be gunfire as they left El Ranchero around the time of the shooting. When they got to the woman's car, they saw Atkinson and Edwards lying on the ground under two tightly adjacent trucks. One of the trucks belonged to Edwards, who lay unresponsive while he still clenched his wallet in his right hand. Atkinson asked the couple for help, as his leg had been shot, and the couple went back to the El Ranchero to summon a security officer. The Mac 10 submachine gun and another gun, a Bersa 9 millimeter, were inches away from Atkinson's hand under one of the trucks, and Atkinson's palm print was on the Bersa 9 millimeter. Blood spatter on the driver's side seat and floor board of Edwards' car indicated that the vehicle door was open at the time of the

3

shooting.

At the hospital two days after the incident, Atkinson's cousin, Angela Harris, spoke with Atkinson about what had happened at the El Ranchero. Atkinson told her that he walked up to a guy and asked, "Where's the package?" The man indicated that "the package" was under one of the car seats, and, while Atkinson looked for it, the man pulled out a gun, and the two men struggled. Atkinson said that he was taking the Bersa 9 millimeter away from the man when he accidentally shot himself in the leg with it during the struggle, and then he "unloaded in [the man's] face with a gun." He then pushed the two guns under one of the trucks. Atkinson also told Angela to instruct her brother, Marquaze, to tell the police that Atkinson was never at the El Ranchero on the night of the shooting.

After giving conflicting stories to police, Atkinson testified at trial that his cousin Marquaze had the Mac 10 and that Marquaze was the one who got into a confrontation with Edwards. Atkinson claimed that Edwards shot him in the leg when he tried to break up the argument between Marquaze and Edwards and that Marquaze shot Edwards. Atkinson explained that he made up the previous stories (that someone had shot him in the leg after trying to rob him, or,

4

alternatively, that he was shot in the leg after accidentally running into gunfire that he heard from a distance) to avoid implicating his cousin. He also testified that Angela lied about the conversation in the hospital about him shooting Edwards in the face.

In addition to the other evidence presented against Atkinson at trial, similar transaction evidence was introduced (following a hearing on its admissibility) in the form of Atkinson's 1998 conviction for armed robbery and other offenses relating to his carjacking of a victim at gunpoint and stealing the victim's wallet, and a different 1998 guilty plea to armed robbery where he pointed a gun at a woman and stole her purse.

The evidence was sufficient to enable a rational trier of fact to find Atkinson guilty beyond a reasonable doubt of all the crimes of which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Although the evidence was sufficient to support the jury's guilty verdicts, we have noted an error with respect to the merger of certain counts for sentencing purposes. Specifically, the trial court purported to merge the possession of a firearm by a convicted felon count against Atkinson into one of

the felony murder counts against him, and then merge that count into the malice murder count for sentencing purposes. However, the possession of a firearm by a convicted felon count could not merge into the felony murder count, as both felony murder counts against Atkinson were vacated by operation of law in light of Atkinson's conviction for malice murder. See Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993). Furthermore, "possession of a firearm by a convicted felon does not merge into a conviction for malice murder." Chester v. State, 284 Ga. 162, 162 (1) (664 SE2d 220) (2008), overruled on other grounds by Williams v. State, 287 Ga. 192, 194 (695 SE2d 244) (2010), and Harper v. State, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). In this regard, rather than purporting to merge the possession of a firearm by a convicted felon count into the felony murder and malice murder counts, the trial court should have instead merged the felon-in-possession count into the count relating to the use of a firearm by a convicted felon during the commission of another felony. See Jones v. State, 318 Ga. App. 105 (6) (733 SE2d 407) (2012). Likewise, the trial court also should have merged the possession of a firearm during the commission of a crime count into the use of a firearm by a convicted felon during the commission of another felony count. Id. Accordingly, we must vacate

6

that portion of Atkinson's sentence purporting to merge the possession of a firearm by a convicted felon count into the felony murder and malice murder counts, as the felon-in-possession count should have instead merged with the use-of-a-firearm-by-a-convicted-felon count. We must also vacate his conviction for possession of a firearm during the commission of a felony, as this count also should have been merged into the use-of-a-firearm-by-a-convicted-felon count. However, because (1) Atkinson was never sentenced on the possession of a firearm by a convicted felon count and would not receive any sentence on that count even if this case were remanded (due to the necessary merger of that count with the use-of-a-firearm-by-a-convicted-felon count), (2) we are vacating the one improper conviction, and (3) Atkinson's sentence was otherwise proper in all other respects,[4] we need not remand this case to the trial court for resentencing. See, e.g., Schutt v. State, 292 Ga. 625 (2) (740 SE2d 163) (2013) (no remand for resentencing was necessary where this Court vacated count upon which defendant never should have been sentenced in light

_____

[4] We note that Atkinson has not shown any error in the verdict form, and that he has not shown any error in his sentencing as a recidivist pursuant to the former version of OCGA § 17-10-7 (b) (2) that was applicable at the time of his 2010 trial.

7

of necessary merger of that count with another).

3. With respect to Atkinson's six enumerations relating to alleged prosecutorial misconduct, and fourteen additional alleged errors relating to the admission into evidence of similar transactions, problems with jury voir dire, the exclusion of an overhead slide from defense counsel's closing argument presentation, a witness testifying that the victim's wife died of a heart problem, the trial court reassigning Atkinson's original appointed counsel to another case, the jury seeing the indictment during deliberations, and Atkinson's due process rights allegedly being violated throughout the pretrial and trial proceedings, these arguments have been waived for purposes of this appeal, as a proper objection was not raised below with respect to these matters.[5]  See Benton v. State, 300 Ga. 202, 205 (2) (794 SE2d 97) (2016) ("Generally, to preserve appellate review of a claimed error, there must be a contemporaneous objection

---

[5] Because Atkinson's trial took place before the effective date of Georgia's new Evidence Code on January 1, 2013, the alleged errors of the trial court relating to evidentiary matters are not subject to plain error review. See OCGA § 24-1-103. See also Dinkins v. State, 300 Ga. 713 (2) (797 SE2d 858) (2017). Further, because plain error review was not available for the other issues mentioned above at the time of Atkinson's trial, these issues are subject to waiver. See Gates v. State, 298 Ga. 324 (4) (781 SE2d 772) (2016).

made on the record at the earliest possible time. Otherwise, the issue is deemed waived on appeal") (citation and punctuation omitted); Ford v. State, 298 Ga. 560, 562 (2) (783 SE2d 906) (2016) ("The contemporaneous objection rule cannot be avoided by characterizing trial occurrences as examples of prosecutorial misconduct") (citation and punctuation omitted); Smith v. State, 268 Ga. 42 (3) (485 SE2d 189) (1997) (prior to passage of new Evidence Code, failure to object at trial to introduction of similar transaction evidence resulted in waiver of issue on appeal).

In any event, with respect to the issues raised relating to the similar transaction evidence, even if Atkinson had raised a proper objection, the record reveals that the State gave proper notice of its intent to use these prior convictions at trial for the proper purpose of showing lack of mistake, course of conduct, and motive, and the trial court conducted a proper hearing on the admissibility of the prior convictions. See, e.g., Simmons v. State, 291 Ga. 705 (8) (a) (733 SE2d 280) (2012). We find no abuse of discretion in the trial court's decision to allow these prior convictions into evidence. Id.

4. Atkinson has also raised three enumerations relating to alleged improprieties in the trial court's charge to the jury. Specifically, he contends that

9

the trial court erred by giving a "sequential charge" on armed robbery, failing to inform the jury that the State had to prove every material allegation in the indictment, and instructing the jury with respect to its duty to believe the most believable witness. Although Atkinson did not object to these jury charges at trial, these issues are subject to review for plain error on appeal pursuant to OCGA § 17-8-58 (b). To satisfy plain error review:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

(Citations, punctuation and emphasis omitted.) State v. Kelly, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

Atkinson has failed to show any error, let alone plain error, in the trial court's jury charge. Indeed, the trial court specifically charged the jury on the State's burden to prove every material allegation in the indictment, and,

10

considering the jury charge as a whole, the charge given on the jury's duty to believe the most believable witnesses would not have been confusing or otherwise improper.  Santana v. State, 283 Ga. App. 696 (3) (642 SE2d 390) (2007). Furthermore, the trial court did not give an improper "sequential charge" by instructing the jury on the elements of armed robbery. See McNeal v. State, 263 Ga. 397, 397 (2)  n.4 ( 435 SE2d 47) (1993) ("The essence of a sequential charge is judicial direction to consider possible verdicts in a particular sequence") (citations omitted). The charge here did not direct that the jury consider possible verdicts in any particular sequence. Instead, because Atkinson "was charged with criminal attempt to commit [armed robbery], it [made sense] that the trial court would [also] explain to the jury the elements and requirements of the crime which [he] was accused of attempting."  Summerlin v. State, 339 Ga. App. 148, 156 (5) (b) (793 SE2d 477) (2016).

5. Atkinson alleges in three enumerations that the trial court erred by holding an off-the-record sidebar conversation with the State and defense counsel in the presence of the jury.[6] The sidebar conversation took place to

---

[6] Defense counsel did lodge an objection regarding the sidebar taking place with the jurors still in the courtroom.

allow the parties to discuss the manner in which the trial court would respond to three questions regarding felony murder and causing the death of another person that the jury presented to the court during its deliberations. The trial court responded to the jurors' questions by fully recharging them on felony murder and attempted armed robbery. Atkinson claims that the trial court should have granted a mistrial sua sponte due to the sidebar conversation taking place in the presence of the jury, and he further claims that the trial court's response to the juror's questions amounted to an inappropriate comment on the evidence in violation of OCGA § 17-8-57. Atkinson is incorrect.

"[T]here is no evidence that [the] jurors heard the substance of the [sidebar conversation]. . . . Consequently, the circumstances fall far short of demonstrating the manifest necessity for [the trial court to declare] a mistrial." (Citation omitted.) Lawton v. State, 281 Ga. 459, 463 (3) (640 SE2d 14) (2007). Furthermore, the trial court acted within its discretion to recharge the jury on felony murder and attempted armed robbery in response to the jurors' questions, and recharging the jury in this manner did not constitute an improper comment on the evidence by the trial court. See, e.g., Peebles v. State, 260 Ga. 165 (5) (a) (391 SE2d 639) (1990). See also Duffie v. State, 273 Ga. 314 (2) (540 SE2d

194) (2001).

6. Atkinson contends in several separate enumerations that his counsel was ineffective for failing to: (a) move for a mistrial or otherwise properly challenge the fact that a sidebar conversation took place in the presence of the jury; (b) challenge the legality of the verdict form and Atkinson's sentence; (c) object to the admission of similar transaction evidence; (d) object to the trial court's jury charge or request a charge on the State having to prove all allegations in the indictment; (e) file a motion to bifurcate; (f) object to alleged inappropriate closing arguments and an argument in which the prosecutor stated that it did not matter if Atkinson said "where's the package" to Edwards before shooting him; (g) challenge the "subject matter jurisdiction" of the indictment; (h) introduce exculpatory evidence in the form of medical records and testimony from Atkinson's father; (i) interview State witnesses before trial; and (j) object to certain testimony from Marquaze and Angela.[7]

> In order to succeed on his claim of ineffective assistance, [Atkinson] must prove both that his trial counsel's performance was

---

[7] While Atkinson asserts 23 separate instances of alleged ineffective assistance, some of these instances are repetitive and have been consolidated accordingly in this opinion.

deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. <u>Strickland v. Washington</u>, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the <u>Strickland</u> test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); <u>Fuller v. State</u>, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" <u>Robinson v. State</u>, 277 Ga. 75, 76 (586 SE2d 313) (2003).

<u>Wright v. State</u>, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a)-(d) As to these issues, Atkinson has shown no error in the trial court's handling of the sidebar conversation; there was no error in the verdict form or Atkinson's recidivist sentence (other than the error addressed in Division 2, about which Atkinson does not complain with respect to his lawyer's performance);[8] the trial court did not err by admitting into evidence the similar transaction evidence against Atkinson; and the trial court did not err in its

---

[8] In this regard, because Atkinson was properly sentenced as a recidivist, trial counsel could not have been deficient for failing to request a pre-sentencing hearing, nor did any prejudice result from her failure to do so. See, e.g., <u>Bragg v. State</u>, 295 Ga. 676 (4) (b) (763 SE2d 476) (2014) (failure to request hearing that would have made no difference with respect to admissibility of evidence did not amount to deficient performance).

charge to the jury.[9] Accordingly, these grounds of ineffective assistance must fail.

(e) A motion to bifurcate Atkinson's trial on the possession of a firearm by a convicted felon count or the use of a firearm by a convicted felon during the commission of a felony count from the remaining counts against him likely would not have succeeded. See Jones v. State, 265 Ga. 138, 139 (2) (454 SE2d 482) (1995) ("[A] motion to bifurcate should be denied where  the count charging the possession might be material to a more serious charge —  as, for example, where the offense of murder and possession are charged in one

_____

[9] To the extent that Atkinson argues that his trial counsel was ineffective for failing to object to the armed robbery charge going back with the jury, failing to request a charge on voluntary manslaughter, and failing to  request a jury charge on the "two theories" of circumstantial evidence, these arguments fail. A charge on voluntary manslaughter would not have been adjusted to the evidence, and a "two theories" charge on circumstantial evidence is no longer legally appropriate. See Chafin v. State, 246 Ga. 709 (8) (273 SE2d 147) (1980) (trial court properly refused to give charge on voluntary manslaughter where evidence was not presented at trial to support such a charge); Davis v. State, 285 Ga. 176, 179 (2) (674 SE2d 879) (2009) ("Two theories" charge on circumstantial evidence "was declared invalid in Langston v. State, 208 Ga. App. 175 (430 SE2d 365) (1993)"). Further, the trial court committed no error by sending written jury instructions on armed robbery back with the jury. See Anderson v. State, 262 Ga. 26 (3) (413 SE2d 732) (1992) (written jury instructions may properly be sent back with the jury).

indictment, and the possession charge might conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment") (citation and punctuation omitted). Both of the firearm charges here were material to the more serious charges against Atkinson. Atkinson's counsel therefore could not have been ineffective for failing to file a motion to bifurcate. See, e.g., Lupoe v. State, 284 Ga. 576, 580 (3) (f) (669 SE2d 133) (2008).

(f) During the State's closing argument, the State mentioned that defense counsel had objected at trial to the State asking questions about Marquaze's background, and the State also mentioned that it did not matter whether Atkinson actually said "where's the package" when he approached Edwards. With respect to the "where's the package" statement, trial counsel testified at the motion for new trial hearing that she did not object to the statement because it was not a material element of the indictment that needed to be proven beyond a reasonable doubt. We find such a decision to have been reasonable. See, e.g., Braithwaite v. State, 275 Ga. 884 (2) (b) (572 SE2d 612) (2002). With respect to the comment made in closing argument about the prosecutor not being allowed to question Marquaze about his background, we do not find that any

16

failure to object to this portion of the State's closing argument resulted in prejudice to Atkinson in light of all of the other evidence admitted at Atkinson's trial. See Hurt v. State, 298 Ga. 51, 58 (3) (d) (779 SE2d 313) (2015). See also Gates v. State, 298 Ga. 324 (5) (b) (781 SE2d 772) (2016).

(g) A general or special demurrer to the indictment would not have been successful, as the indictment properly set out all of the facts and elements of the crimes necessary to show that Atkinson could be found guilty of the crimes alleged, and the indictment sufficiently informed Atkinson of the allegations against him such that he could prepare an intelligent defense. See State v. Wyatt, 295 Ga. 257 (2) (759 SE2d 500) (2014). In any event, even if the indictment could have been quashed, the State still would have had the opportunity to re-indict Atkinson, and Atkinson cannot show a reasonable probability that the outcome of his trial would have been different if he had been re-indicted after a successful challenge to the first indictment. Bighams v. State, 296 Ga. 267 (3) (765 SE2d 917) (2014). Further, jurisdiction and venue were proper in the Superior Court of Fulton County, as the murder took place in Fulton County. Ga. Const. of 1983 Art. VI, Sec. IV, Par. I; Landers v. State, 285 Ga. 575 (679 SE2d 343) (2009). Atkinson has not shown any basis for ineffective assistance

17

of his counsel based on any failure to challenge the indictment or the trial court's "jurisdiction."

(h) Trial counsel testified at the motion for new trial hearing that, after interviewing Atkinson's father, she was concerned that he might not be a credible witness. She therefore made a reasonable strategic decision not to call him as a witness at Atkinson's trial. Fortson v. State, 280 Ga. 435 (2) (b) (629 SE2d 798) (2006). With respect to alleged exculpatory medical records, Atkinson did not ask his counsel about why she failed to introduce any such records at the motion for new trial hearing — if any such records even existed — nor has he demonstrated how the existence of medical records would have somehow affected the outcome of his trial. Atkinson cannot meet his burden of showing deficient performance or prejudice. See Washington v. State, 285 Ga. 541, 543 (3) (a) (i) (678 SE2d 900) (2009); Wallace v. State, 294 Ga. 257 (3) (a) (754 SE2d 5) (2013).

(i) While preparing the case, trial counsel did in fact attempt to interview Marquaze and Angela Harris, but they refused to speak with her. Counsel also interviewed a potential witness at the El Ranchero restaurant where the shooting took place, but this witness did not provide useful information. Atkinson has not

shown that trial counsel performed deficiently in her efforts to interview witnesses and prepare his defense, nor has he shown how he was prejudiced at trial from counsel's unsuccessful efforts to interview Marquaze and Angela. Miller v. State, 293 Ga. 638 (2) (748 SE2d 893) (2013).

(j) Atkinson claims that his trial counsel was ineffective for failing to object to (1) testimony from Marquaze in which he mentioned that he and Atkinson had been "smoking a little marijuana" while they were hanging out before going to the El Ranchero; (2) testimony from Marquaze and Angela in which they indicated that unnamed people had either threatened them individually or had threatened members of their family because they had agreed to testify at trial;[10] and (3) testimony from Angela in which she allegedly stated that she believed that Atkinson was guilty.

With respect to the comment about smoking marijuana, trial counsel testified that she did not object to it because, in the "whole scheme of things" involved in the case, she did not find it to be important enough to draw attention

---

[10] Marquaze testified that he had personally received threats and that members of his family had also received threats. Angela testified that people attempted to threaten her by sending "nasty messages" to her sister's Facebook account.

to it. We find this decision to have been reasonable. See, e.g., <u>Carrie v. State</u>, 298 Ga. App. 55 (1) (c) (679 SE2d 30) (2009). With regard to testimony concerning alleged threats to Marquaze and his and Angela's family, we find no prejudice. Indeed, there is no evidence that Atkinson was ever accused of making any of the threats, and, even when considered in conjunction with the alleged errors in Division 6 (f), supra, "in light of the other evidence admitted at trial, we cannot say this testimony in reasonable probability changed the outcome of [Atkinson's] trial." <u>Hurt</u>, supra, 298 Ga. at 58 (3) (d). Finally, Atkinson's claim that Angela testified that she thought that he was guilty is belied by the record, as Angela never made such a statement. Trial counsel cannot be deemed to be ineffective for failing to object to testimony that does not exist. <u>Judkins v. State</u>, 282 Ga. 580 (5) (652 SE2d 537) (2007) (failure to make fruitless objection does not amount to ineffective assistance).

<u>Judgment affirmed in part and vacated in part. All the Justices concur.</u>

Decided June 19, 2017.

Murder. Fulton Superior Court. Before Judge Schwall.

Jerrick Atkinson, <u>pro se</u>.

<u>Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Kevin C. Armstrong, Assistant District Attorneys; Christopher M. Carr, Attorney General,</u>

20

Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth M. Haase, Assistant Attorney General, for appellee.