301 Ga. 774
FINAL COPY

S17A1266.  JACKSON v. THE STATE.

Hunstein, Justice.

Appellant Valentino Jackson was convicted of felony murder and associated crimes in connection with the shooting death of Willie Bailey.[1]  On appeal, Jackson argues that the State engaged in prosecutorial misconduct during closing argument and that his trial counsel rendered constitutionally ineffective assistance.  Finding no error, we affirm.

---

[1] In February 2009, a Fulton County grand jury indicted Jackson on the charges of malice murder, felony murder predicated on aggravated assault, felony murder predicated on possession of a firearm by a convicted felon, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.  Following a trial conducted March 22-25, 2010, a jury acquitted Jackson of malice murder but found him guilty of the remaining offenses. The trial court sentenced Jackson to life imprisonment for felony murder predicated on aggravated assault and to consecutive five-year sentences for each of the weapons charges, for a total sentence of life plus ten years; all other counts were properly merged or vacated.  Jackson filed a motion for new trial in March 2010; new counsel filed amended motions for new trial in December 2014 and again in January 2016. In March 2016, the trial court conducted a hearing on the amended motion and, in that same month, filed an order denying relief.  In June 2016, Jackson successfully moved the trial court for an out-of-time appeal and, approximately two weeks later, filed his notice of appeal.  This appeal was docketed to the April 2017 term of this Court and was thereafter submitted for a decision on the briefs.

The evidence presented below was not particularly complex. Willie Bailey died from a single gunshot wound to the back. Witness Angela Gay was visiting a friend in the Arcadia Downs apartment complex in Fulton County, Georgia, on the night of the murder. Gay heard an argument outside and went to investigate; once outside, she observed Jackson and Bailey, among others, standing in front of a nearby apartment building. Gay heard Jackson accuse Bailey of "messing" with his money and observed Jackson shoot Bailey. Witness Wilhemina Holmes was sitting under a staircase on the night of the murder. Holmes observed Bailey get shot in the back as he was approaching the stairs and saw Jackson running away after the shooting. Patricia Handspike also heard the shooting, and, when she peered out a window, she observed Jackson running from the scene with a pistol in his hand; Handspike, like the other witnesses, was acquainted with Jackson.

Another witness, Marcisha Washington, testified that she encountered Jackson after the shooting. According to Washington, Jackson arrived at her residence behaving oddly and looking shocked; Washington testified that Jackson's shirt appeared to have had a blood stain on it and that Jackson changed his clothing at her residence. Finally, the jury heard testimony that

2

investigators were unable to corroborate Jackson's reported alibi.

1. Though Appellant does not challenge the legal sufficiency of the evidence supporting his conviction, we have reviewed the record and conclude that the evidence as summarized above was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Appellant was guilty of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant contends the State engaged in prosecutorial misconduct when, during closing argument, the prosecutor made the following comments: "It's shocking to think about. Shocking to think about somebody getting out of jail and four hours later killing a man. That's what we've got here. *That's the truth*." Appellant acknowledges, however, that he lodged no objection to these comments; accordingly, this claim is not preserved for appellate review. See Atkinson v. State, 301 Ga. 518 (801 SE2d 833) (2017); Scott v. State, 290 Ga. 883 (2) (725 SE2d 305) (2012); Mullins v. State, 270 Ga. 450 (2) (511 SE2d 165) (1999).

3. Appellant also argues, as he did below, that trial counsel was ineffective when he failed to object to the above-quoted portion of the State's

3

closing argument. According to Appellant, the prosecutor's comment —

which references "the truth" of what happened — constituted a personal

assessment of the credibility of the State's witnesses. The trial court concluded,

and we agree, that there was no basis for an objection and, thus, that trial

counsel was not ineffective.

In order to prevail on his claim that trial counsel was ineffective,

Appellant must show both that counsel's performance was deficient and that the

deficient performance was prejudicial. See Terry v. State, 284 Ga. 119, 120 (2)

(663 SE2d 704) (2008). "If an appellant fails to meet his or her burden of

proving either prong . . . the reviewing court does not have to examine the other

prong." Rector v. State, 285 Ga. 714, 716 (6) (681 SE2d 157) (2009).

"[A] prosecutor is granted wide latitude in the conduct of closing

argument," and "within the scope of such latitude is the prosecutor's ability to

argue reasonable inferences from the evidence, including any that address the

credibility of witnesses." Scott, 290 Ga. at 885 (2). While "[i]t is improper for

counsel to state to the jury counsel's personal belief as to the veracity of a

witness . . . it is not improper for counsel to urge the jury to draw such a

conclusion from the evidence." Metts v. State, 270 Ga. 481, 484 (4) (511 SE2d

4

508) (1999).

Here, trial counsel testified at the motion for new trial hearing that he did not object because he did not find the prosecutor's comment inappropriate; his judgment was sound. The prosecutor's comments were "'permissible since they [were] the conclusion the prosecutor wished the jury to draw from the evidence[ ] and not a statement of the prosecutor's personal belief as to the veracity of a witness.'" (Citations omitted.) Fulton v. State, 278 Ga. 58, 64 (8) (597 SE2d 396) (2004) (counsel not ineffective for failing to object when prosecutor argued, "'That's the truth, that's what happened.'"); Mason v. State, 274 Ga. 79, 80 (2) (b) (548 SE2d 298) (2001) (counsel not ineffective for failing to object when prosecutor argued, "'He's telling you the truth. He's telling you the honest truth.'"). Compare Bolden v. State, 272 Ga. 1, 1 (525 SE2d 690) (2000) (reversible error where prosecutor commented that he found a certain police officer "very credible"). Because the prosecutor's comment was within the wide latitude afforded to the State during closing argument, an objection was unwarranted, and trial counsel was not ineffective for failing to make one. See Doyle v. State, 291 Ga. 729 (3) (733 SE2d 290) (2012).

Judgment affirmed. All the Justices concur.

Decided August 14, 2017.

Murder. Fulton Superior Court. Before Judge Newkirk.

Dell Jackson, for appellant.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Kevin C. Armstrong, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General, for appellee.