307 Ga. 456
FINAL COPY

S19A1586. CARTER v. THE STATE.

ELLINGTON, Justice.

Following a jury trial, Devontae Carter was convicted of the malice murder of Dexter Lampkin, and of the aggravated assault of Gregory Lampkin, by shooting them with a handgun.[1] He appeals, challenging the sufficiency of the evidence. For the reasons set forth below, we affirm.

---

[1] The shooting incident occurred on November 27, 2015. A Tift County grand jury returned an indictment on January 13, 2016, charging Carter with malice murder (of Dexter Lampkin), felony murder (predicated on aggravated assault of Dexter Lampkin), aggravated assault (of Dexter Lampkin), and aggravated assault (of Gregory Lampkin). Following a September 26-27, 2017 jury trial, Carter was found guilty on all counts. On October 11, 2017, the trial court sentenced Carter to serve life in prison for the murder of Dexter Lampkin, and 12 years for the aggravated assault of Gregory Lampkin, to be served consecutively. The court determined that felony murder merged with malice murder, although the felony murder verdict was actually vacated by operation of law, and that the aggravated assault of Dexter Lampkin merged with murder. *Atkinson v. State*, 301 Ga. 518, 520-521 (2) (801 SE2d 833) (2017); *Stewart v. State*, 299 Ga. 622, 627-628 (3) (791 SE2d 61) (2016). Carter filed a motion for new trial on November 2, 2017, represented by new post-conviction counsel. The trial court heard the motion on January 8, 2019, and denied it on January 11, 2019. Carter filed a timely notice of appeal from that order, and his appeal was docketed in this Court for the August 2019 term and submitted for decision on the briefs.

Viewed in the light most favorable to the jury's verdicts, the evidence showed the following. On Thanksgiving night, November 26, 2015, there was a large party at the residence of Larry Hicks, Jr., in Tift County. Carter, who was known as "Debo," was at the party with his brother, William, and his uncle, Ralph Garmon. Brothers Dexter and Jermaine Lampkin, together with their cousin, Gregory Lampkin, arrived at the party sometime between 10:00 p.m. and midnight. Dexter and Carter had been friends in the past. Dexter and Jermaine's sister, Labrenda Lewis, was also at the party. Lewis testified that she saw Carter with a black pistol at the party that night.

At some point during the party, the Lampkins noticed that Garmon was staring at them in a hostile manner. Around 1:00 a.m., after Garmon's staring had continued for a while, the Lampkins walked up to Garmon, who was standing by his pickup truck. At the time, Carter was sitting in the truck bed. Dexter asked Garmon why he had been staring at him. After denying that he had been staring, Garmon hit Dexter, knocking him backward. Gregory pinned

2

Garmon against the truck. Carter jumped down from Garmon's truck. Multiple gunshots were fired, and Dexter and Gregory were both hit. The medical examiner later determined that Dexter was struck in the right upper chest and that the bullet traveled in a sharply downward angle, suggesting that the gun was fired from above. Gregory was struck in the lower back and collapsed to the ground.

Dexter was able to run away, and his brother Jermaine drove him to the hospital. While on the way to the hospital, Dexter stated to Jermaine at least twice: "I can't believe Debo shot me." He also told Jermaine that he was going to die. Meanwhile, Hicks helped Gregory into Lewis's car, and she took him to the hospital. Gregory survived, but Dexter died as a result of the gunshot wound.

At trial, Jermaine testified that he was standing beside Dexter and he saw Carter jumping down from Garmon's truck at the same time he heard gunshots. Although Jermaine did not see Carter shoot the victims, he believed that Carter was the shooter because the gunshots sounded like they were coming from Carter's direction as

he jumped down from the truck. Gregory did not see who shot him in the back.

Hicks's son, Kevionta ("Tae") Hicks, who was 15 years old at the time of the shooting, testified that he did not see the shooting. The prosecutor then questioned Tae about a recorded statement he gave four days after the shooting, in which he told a GBI agent that he saw the fight and saw Carter shoot Dexter and Gregory. When confronted at trial with his prior statement, Tae admitted that he told the agent that he had seen Carter shoot Dexter and Gregory but testified that he had only been repeating what he had heard one of Dexter's "home boys," whose name he did not know, say to Hicks at their home a few hours after the shooting, specifically before daylight. To cast doubt on Tae's inconsistent trial testimony, the State presented evidence that the Hickses were not in their home a few hours after the shooting, because they were excluded from the home for processing of the crime scene until at least 9:30 a.m.

When the sufficiency of the evidence is challenged on direct appeal, the standard of review is the test established in *Jackson v.*

*Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), which requires that the evidence, viewed in the light most favorable to the jury's verdicts, must be sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Dupree v. State*, 303 Ga. 885, 886 (1) (815 SE2d 899) (2018); *Dorsey v. State*, 303 Ga. 597, 600 (1) (814 SE2d 378) (2018). "Under this review, we must put aside any questions about conflicting evidence, the credibility of witnesses, or the weight of the evidence, leaving the resolution of such things to the discretion of the trier of fact." *Dorsey*, 303 Ga. at 600 (1) (citation and punctuation omitted). Here, evidence supporting a finding that Carter was the person who shot Dexter and Gregory included: Jermaine's perception that the gunshots were fired from Carter's direction as he jumped down from the truck, which was consistent with other testimony that Carter was in the truck bed just prior to the shooting and with the medical examiner's opinion that the gun was above Dexter's upper chest when it was fired; Dexter's dying declaration; and Tae's pretrial statement to the GBI agent. Although Tae contradicted his pretrial statement in his

trial testimony, the jury was authorized to believe and rely on his pretrial statement. *Terrell v. State*, 300 Ga. 81, 85 (1) (793 SE2d 411) (2016). The evidence was sufficient to enable a rational trier of fact to find Carter guilty beyond a reasonable doubt of the crimes of which he was convicted. See *Jackson v. State*, 306 Ga. 706, 708 (1) (832 SE2d 809) (2019); *Sloans v. State*, 304 Ga. 363, 364-365 (1) (818 SE2d 596) (2018).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 18, 2019.
Murder. Tift Superior Court. Before Judge Crosby, Senior Judge.

*Ronald L. Beckstrom*, for appellant.

*C. Paul Bowden, District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew D. O'Brien, Assistant Attorney General*, for appellee.