**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 10, 2021**

# In the Court of Appeals of Georgia

A21A1372. JONES v. THE STATE.

MCFADDEN, Presiding Judge.

Tommy Jones appeals his convictions for hijacking a motor vehicle, armed robbery, and two counts of possession of a firearm during the commission of a felony. He argues that trial counsel performed deficiently when he failed to object to the state's closing argument. Jones has not shown that his trial counsel performed deficiently. So we affirm.

1. *Evidence*.

Viewed in the light most favorable to the verdicts, *Townsend v. State*, __ Ga. __, __ (1) (862 SE2d 304) (2021), the evidence presented at Jones's trial showed the following. The victim, who knew Jones from high school, contacted Jones on

Facebook Messenger, asking to buy a firearm. Jones agreed to sell the victim a firearm and suggested that they meet at a park.

The victim drove his mother's car to the park, where he saw Jones sitting on a bench. Jones got in the car, pointed a gun at the victim's face, and demanded "everything." Jones took the victim's wallet, his phone, and some cash. Jones ordered the victim to get out of the car, and another man, who had been a passenger in a car parked nearby, got into the victim's mother's car. Jones and the other man drove off, followed by the other car.

The victim walked to his grandfather's house, where they called the police. At first, the victim told the police that he met Jones because Jones owed him money; he did not want to mention that he had intended to purchase a gun. He also was hesitant to identify Jones because he did not want to be a "snitch." Eventually, he told the police that he met Jones to buy a gun.

The police recovered the car the next day. They were able to retrieve fingerprints from the hood of the car that matched Jones's prints.

2. *Ineffective assistance of counsel*.

Jones argues that he was not afforded effective assistance of trial counsel because trial counsel performed deficiently by failing to object to certain statements in the prosecutor's closing argument. We disagree.

> To prevail on his claim of ineffective assistance of trial counsel, [Jones] must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

*Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007) (citations and punctuation omitted). Jones has failed to show deficient performance.

(a) *Failure to object to a golden rule argument.*

Jones first argues that the prosecutor made an improper golden rule argument, asking the jurors to place themselves in the position of the victim, *Menefee v. State*, 301 Ga. 505, 512 (4) (a) (ii) (A) (801 SE2d 782) (2017), to which trial counsel should have objected. We doubt that the sentence Jones points to was an impermissible golden rule argument. But even if it was, trial counsel's decision not to object was strategic and did not amount to deficient performance.

During his closing, Jones's trial counsel argued that the victim made up the story of the crimes to avoid his mother's anger. Counsel pointed out that the victim could have easily opened the car door and exited the car while he was in it with Jones. In response, the prosecutor stated,

> *You don't argue with a gun*. That is a losing proposition. We all know that. [The victim] did the right thing by not fighting, by saying you know what, you go in my pockets. I don't know if you are going to shoot me. I wasn't expecting you to pull a gun on me in the first place, but I'm not taking a chance with my life. That doesn't make him guilty and that certainly doesn't make Tommy Jones not guilty.

Jones argues that the italicized sentence was a golden rule argument. "In spite of the prosecutor's use of the pronoun 'you,' the above argument[ ] can be more reasonably seen as the prosecutor's efforts to explain the reasons" for the victim's behavior rather than a request that the jurors place themselves in the position of the victim. *Menefee*, 301 Ga. at 513 (4) (a) (ii) (A).

Regardless of whether the sentence was improper, however, trial counsel was not deficient for failing to object. Trial counsel testified at the hearing on the motion for new trial that he considered objecting, "but there was a lot of testimony during the trial about looking down the barrel of a gun and [he] thought that this was just a —

4

an add-on to it. And [he] thought that at that point in time, to object to it would just raise more — would firm up an opinion in the jury's mind."

We cannot say that "no reasonable attorney, listening to the inflection of the speaker's voice and judging the jurors' reactions, would choose to remain silent instead of objecting and calling attention to the [allegedly] improper argument. Here, [Jones's] attorney reasonably chose silence, and we will not use hindsight to second-guess that decision on appeal." *Braithwaite v. State*, 275 Ga. 884, 886 (2) (b) (572 SE2d 612) (2002) (citation and punctuation omitted) (deciding not to object to improper golden rule argument, because objecting would draw attention to it, was reasonable trial strategy, not deficient performance).

(b) *Failure to object to prosecutor's giving his opinion as to the veracity of the victim and Jones.*

Jones argues that trial counsel performed deficiently by failing to object to two instances where the prosecutor gave his opinion about the veracity of the victim and Jones. In neither instance was the prosecutor giving his opinion about the veracity of the victim or Jones, so trial counsel did not perform deficiently by failing to object.

5

The first instance that Jones points to occurred when the prosecutor was discussing the difference between direct and circumstantial evidence. The prosecutor stated:

> You can see a fingerprint which really is direct evidence. I mean if you believe [the state's] expert who has matched over three thousand prints that Tommy Jones's fingerprints were on the hood of [the victim's] mother's Chevy Malibu. Okay. Circumstantially, you can draw the inference that that means that he possessed it and the fact that it was on the hood is likely that he had closed that hood after opening it and trying to remove that One Star or On-Star, that would — you know — identify where the vehicle was. That's an inference that you are allowed to make based on the circumstances, and I am asking you specifically to make that inference. *I believe that that's what happened. I believe that is why his hand was on the hood and why we found that fingerprint there.*

At the hearing on the motion for new trial, trial counsel explained that he did not object to the italicized statement because that was an argument based on the testimony that had been given at trial.

When making a closing argument,

> (a) prosecutor is granted wide latitude . . . and within the scope of such latitude is the prosecutor's ability to argue reasonable inferences from the evidence, including any that address the credibility of witnesses. While it is improper for counsel to state to the jury counsel's personal

6

> belief as to the veracity of a witness it is not improper for counsel to urge the jury to draw such a conclusion from the evidence.

*Jackson v. State*, 301 Ga. 774, 775 (3) (804 SE2d 73) (2017) (citations and punctuation omitted). The prosecutor's comment that he believed the inference that he was asking the jury to draw — that Jones's hand print on the hood meant that Jones had possessed the car — was "permissible since [it was] the conclusion the prosecutor wished the jury to draw from the evidence and not a statement of the prosecutor's personal belief as to the veracity of a witness." *Fulton v. State*, 278 Ga. 58, 64 (8) & n. 5 (597 SE2d 396) (2004) (citation and punctuation omitted) (counsel not ineffective for failing to object when prosecutor argued, "That's the truth, that's what happened," when describing a witness's testimony); accord *Jackson*, 301 Ga. at 775 (3) (prosecutor's comments in closing that "It's shocking to think about. Shocking to think about somebody getting out of jail and four hours later killing a man. That's what we've got here. That's the truth," were permissible).

The second instance that Jones points to occurred when the prosecutor responded to trial counsel's characterization of Jones's statement to police. In his statement to police, Jones denied being in Savannah at the time of the crime. In his

closing argument, trial counsel conceded that Jones's denial of being in Savannah was untrue. But, he argued, that denial was a normal reaction:

> I think that's a normal denial that someone would do, that someone who is arrested or being interviewed would say, "No, I don't know nothing about it." I think that's a normal reaction. I think most every one of us would do it, whether we were guilty of something or not. We know that [the victim] and Mr. Jones met somewhere in Chatham County.

In response, the prosecutor stated:

[Trial counsel] took all of Tommy Jones's statement and wrapped it up and just pitched it aside with one statement: "I mean, of course, it's not a lie. It's a denial — you know — like everyone would do if they were being confronted or accused of a crime." *I don't believe that and I don't think you do, either*.

Jones argues that in the italicized sentence, the prosecutor improperly injected his personal views about the evidence and Jones's veracity. The sentence did not comment on the evidence or Jones's veracity. Trial counsel had explained that Jones's falsely telling police he had not been in Savannah was a "normal denial" and that trial counsel thought "most every one of us would do it." The prosecutor's response in rebuttal — that he did not believe that — was directed to trial counsel's explanation, not to Jones's veracity (which trial counsel himself had conceded was absent from the

8

particular statement). "[T]he comment[ made in rebuttal] did not constitute an opinion about [Jones's] veracity. [It] merely urged the jury to [reject trial counsel's explanation and to] make [its own] deduction about veracity from the [undisputed] fact[ that Jones had been untruthful about being in Savannah]." *Moody v. State*, 273 Ga. 24, 27 (4) (537 SE2d 666) (2000). See also *Manley v. State*, 284 Ga. 840, 844-845 (2) (b) (672 SE2d 654) (2009) (prosecutor's comments in rebuttal to trial counsel's closing argument did not constitute opinion about veracity of witnesses). As the comment was not improper, "[d]efense counsel's performance was not deficient for failing to object to the prosecutor's argument." *Allen v. State*, 277 Ga. 502, 504 (3) (d) (591 SE2d 784) (2004).

In sum, "[b]ecause the prosecutor's comment[s were] within the wide latitude afforded to the [s]tate during closing argument, . . . objection[s were] unwarranted, and trial counsel was not ineffective for failing to make [them]." *Jackson*, 301 Ga. at 776 (3).

*Judgment affirmed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur*.